IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ASHLEY ELIZABETH ELDER                                                    PLAINTIFF

V.                                    NO. 12-2149

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Ashley Elizabeth Elder, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her applications for DIB and SSI on December 2, 2009, alleging disability since December 2, 2009,[2] due to epilepsy, severe migraines, and high cholesterol. (Tr. 14, 179). An administrative hearing was held on November 16, 2010, at which

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff originally alleged an onset date of June 30, 2001, and then amended her disability onset date at the hearing to December 2, 2009. (Tr. 31).

-1-

Plaintiff appeared with counsel and testified. (Tr. 26-55).

By written decision dated January 19, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - a seizure disorder, migraine headaches and obesity. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4 . (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that the claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit for about six hours during an eight-hour day and can stand and walk for about six hours during an eight-hour day. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant cannot climb ladders, ropes or scaffolds and must avoid concentrated exposure to extreme temperatures, dusts, fumes, gases, odors and poor ventilation. The claimant is to avoid concentrated exposure to hazards, such as unprotected heights and heavy machinery.

(Tr. 17). With the help of a vocational expert (VE), the ALJ determined Plaintiff had no past relevant work, and that there were other jobs Plaintiff would be able to perform, such as sales attendant, waitress, and cashier. (Tr. 20-21). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on May 17, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are

presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.     Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ erred in rejecting the opinion of Plaintiff's treating physician; and 2) The ALJ erred in rejecting Plaintiff's complaints of disabling pain. (Doc. 10).

**A.     Weight Given to Medical Opinions - RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The

-4-

Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ concluded that Plaintiff had the capacity to perform light work with certain limitations. (Tr. 17). The ALJ discussed the medical evidence as well as Plaintiff's own description of her limitations. In evaluating the medical evidence, the ALJ discussed the March 2010 Treating Physician's Migraine Headache form, where a physician from Good Samaritan Medical Clinic reported that Plaintiff experienced a migraine headache about once a week and would interfere with her ability to work about one day a week. (Tr. 19, 245). The ALJ noted that while Plaintiff provided medical evidence of record to document continuing doctor visits through August 2010, she did not complain again of headaches. (Tr. 19). He concluded that the medical evidence of record did not document continuing complaints of headaches in 2010 and therefore, he must conclude that Plaintiff's headaches improved and could not give the doctor's opinion significant weight. (Tr. 19). The Court confirms the fact that after December 1, 2009, when Plaintiff reported to the Good Samaritan Clinic that Naproxen was not helping with her headaches, subsequent visits to the clinic did not reveal any complaints of headaches. In addition, an EEG performed on November 4, 2009 was normal. (Tr. 221, 224).

Plaintiff argues that the Good Samaritan Clinic's physician's opinion is entitled to controlling weight. A treating physician's opinion is given controlling weight "if it 'is well-

supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record.'" Halverson v. Astrue, 600 F.3d 922, 929 (8th Cir. 2010)(quoting Tilley v. Astrue, 580 F.3d 675, 679 (8th Cir. 2009). "When a treating physician's opinions 'are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight.'" Halverson, 600 F.3d at 929 (quoting Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002).

The Court believes the ALJ correctly discounted the March 2010 form because the statements made were inconsistent with the other evidence in the record.

Based upon the foregoing, and for those reasons set forth in Defendant's well-stated brief, the Court finds there is substantial evidence to support the weight the ALJ gave to the March 2010 medical report, and to support the ALJ's RFC determination.

**B.     Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (Tr. 18). However, he also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 18).

The ALJ noted that Plaintiff's seizure disorder was controlled by the medication Keppra, which the record confirms. (Tr. 18, 42, 196, 221, 286). On July 29, 2009, Plaintiff presented herself to Good Samaritan Clinic, claiming she had been off medications for four years for her seizure disorder. (Tr. 223). At this time, the doctor prescribed Keppra. (Tr. 223). The ALJ also noted that Plaintiff did not complain of headaches in 2010. He discussed Plaintiff's daily activities and the fact that Plaintiff was able to access her e-mail account, as well as Facebook and My Space on the computer, was able to work crossword puzzles, watch movies and play chess, and enjoyed reading Harry Potter and Twilight books. (Tr. 18). In her February 26, 2010 Function Report, Plaintiff reported that she ate breakfast, did the dishes, cleaned house, did the laundry, cooked dinner, and had no problems with personal care. (Tr. 170-171). She also indicated that she went outside every day, and shopped for clothes, feminine products and groceries. (Tr. 173). Although she testified that every day she was in pain, she also testified that she was able to dress herself, bathe and groom herself, and fix herself something to eat. (Tr. 46). She also testified that she was having headaches every day, but that they lasted for about one or two hours. (Tr. 40). The record indicates that Plaintiff had no complaints of seizure activity or headaches between November 2004 and July 2009 and received very little medical intervention.

Based upon the foregoing, and for those reasons set forth in Defendant's well-stted brief,

the Court finds there is substantial evidence to support the ALJ's credibility findings.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 15th day of August, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE